

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 2 3 2014

CLERK, U.S. DISTRICT COURT
By_____
Deputy

OLGA CHAPA FALCON,           §
                            §
        Petitioner,          §
                            §
VS.                          §   NO. 4:13-CV-975-A
                            §
JODY R. UPTON, WARDEN,       §
                            §
        Respondent.          §

<u>MEMORANDUM OPINION</u>
<u>and</u>
<u>ORDER</u>

Petitioner, Olga Chapa Falcon, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, naming as respondent Jody Upton, Warden at FMC Carswell-Camp.[1]  The court must order a respondent to show cause why a petition pursuant to § 2241 should not be granted "unless it appears from the [petition] that the [petitioner] or person detained is not entitled thereto."  28 U.S.C. § 2243.  Having now considered the petition, the memorandum and its attachments, as well as the applicable legal authorities, the court concludes that it appears

---

[1]The petition pursuant to 28 U.S.C. § 2241 was filed on December 9, 2013. On January 14, 2014, petitioner filed a document titled "Motion for Permission to Submit Memorandum of Law and Supporting Facts of § 2241 Motion Habeas Corpus Petition." Attached to the one-page motion was a document titled "Petition for Writ of Habeas Corpus," which is twenty-nine pages long with numerous attachments. Although the court granted petitioner until February 14, 2014, to file anything else she wished to file in this action, she has filed nothing further. Hence, the court is assuming that the document attached to the January 14 motion is the "Memorandum of Law" petitioner sought permission to file. For clarity, the court in this memorandum opinion and order will refer to the December 9, 2013 filing as the "petition" and the January 14, 2014 document as the "memorandum."

from the face of the petition that petitioner is entitled to no relief.

## I.

### Grounds of the Petition

Petitioner is serving a 288-month term of imprisonment imposed on April 13, 1995, for conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846, and use of a communication device to facilitate the commission of a felony, in violation of 21 U.S.C. § 843. According to petitioner, her projected release date, taking into account her "good conduct time," is March 21, 2015. Petitioner contends that the Bureau of Prisons is violating the Second Chance Act, 18 U.S.C. § 3624(c), generally as to all prisoners, and apparently as to her, although she does not explain the nature of such violation. The relief sought by petitioner is for the court to order the Bureau of Prisons to "implement the Act on an individualized basis" and grant her the maximum amount of time allowed in a residential reentry center or in community placement. Mem. at 29. Petitioner also asks that officials at Federal Medical Center "be sanctioned and investigated for their nonfeasance and malfeasance in this matter." Pet. at 7.

II.

Analysis

A.   Petitioner Failed to Exhaust Administrative Remedies[2]

A prisoner seeking habeas relief pursuant to § 2241 must
exhaust all administrative remedies that might provide
appropriate relief.  See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir.
1994) (per curiam); Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir.
1993).  The Bureau of Prisons has established a three-tiered
Administrative Remedy Program ("the Program") governing formal
review of inmate complaints relating to any aspect of
imprisonment.  28 C.F.R. §§ 542.10 et seq.  A prisoner must
pursue the procedures set forth in the Program prior to seeking
relief in district court.  See Rourke, 11 F.3d at 49.

These procedures, in turn, generally require the prisoner
first to attempt informal resolution through a complaint to
Bureau of Prisons staff; if not satisfied with the result, he or
she must file a formal written complaint to the Warden, then
pursue an administrative appeal to the appropriate Bureau of
Prisons Regional Director.  28 C.F.R. §§ 542.10 et seq.  The
final appeal is to the Bureau of Prisons's Office of General

[2]The court may dismiss an action for failure to exhaust administrative remedies prior to service on a respondent if such exhaustion is clear on the face of the complaint.  Carbe v. Lappin, 492 F.3d 325, 328 (5th Cir. 2007).  Here, petitioner concedes, and discusses at length, her failure to exhaust the required administrative remedies.

3

Counsel, "within 30 calendar days of the date that the Regional Director signed the response." Id. at 542.15(a).

Petitioner concedes she has not exhausted her administrative remedies, but contends she should be excused from doing so. To be excused from the exhaustion requirement, petitioner must demonstrate either that the administrative remedies are unavailable or inappropriate to the relief sought or, alternatively, that to pursue the administrative remedies would be patently futile. See Fuller, 11 F.3d at 62. Exceptions to the exhaustion requirement apply only in "extraordinary circumstances," and the petitioner bears the burden of demonstrating the futility of administrative review. Id.

Much of the memorandum is devoted to a general discussion about why exhaustion of administrative remedies is futile in cases such as petitioner's. Little of the discussion, however, appears to pertain to petitioner. As far as the court can tell, the primary reason petitioner contends exhaustion would be futile is that the administrative remedy process would consume at least four months, thus interfering with her ability to obtain a full twelve months of residential reentry placement were the court to grant her petition. The court finds this excuse unavailing.

As noted, petitioner filed the instant petition on December 9, 2013, more than three months prior to the date petitioner

4

believes she is entitled to begin residential reentry placement. Had petitioner initiated the administrative review process instead of filing the instant petition, it is possible the issue could have been resolved to petitioner's satisfaction prior to the start of the twelve-month period before her projected release date. Although petitioner obviously believes the Bureau of Prisons would have denied her request, she has offered no factual basis in the petition to support that belief. While exhaustion of remedies may take time, "there is no reason to assume that . . . prison administrators . . . will not act expeditiously." Preiser v. Rodriquez, 411 U.S. 475, 494-95 (1973). If the Bureau of Prisons has failed to correctly evaluate petitioner for placement in a residential reentry center, it should be afforded the opportunity to rectify its error. See Smith v. Thompson, 937 F.2d 217, 219 (5th Cir. 1991) (agency should be given opportunity to correct its own error before aggrieved party seeks judicial intervention).

Petitioner gives no indication in the petition that she has even attempted to begin the administrative remedy process, and she has presented nothing, other than speculation, to support her contention that she should be excused from exhausting those remedies. Petitioner has provided nothing to show the type of extraordinary circumstances needed to justify her failure to

exhaust administrative remedies. Dismissal is warranted for petitioner's failure to exhaust her administrative remedies. See <u>Rivkin v. Tamez</u>, 351 F. App'x 876 (5th Cir. 2009) (affirming dismissal of prisoner's § 2241 petition arguing violation of the Second Chance Act for failure to exhaust administrative remedies).

B.    <u>The Petition Fails on the Merits</u>

Even if the court were to excuse petitioner's failure to exhaust her administrative remedies, the petition would still fail on the merits.

The Second Chance Act of 2007 amended 18 U.S.C. § 3624(c) to increase possible placement in a residential reentry center to a period of no more than twelve months prior to the prisoner's projected release date. The amendment also requires the Bureau of Prisons to assess prisoners for placement on an individual basis consistent with the five factors set forth in 18 U.S.C. § 3621(b). The duration of residential reentry placement "is a matter as to which the [Bureau of Prisons] retains discretionary authority," and "nothing in the Second Chance Act or § 3621(b) entitles [petitioner] or any other prisoner to guaranteed placement in a residential reentry center." <u>Creager v. Chapman</u>, No. 4:09-CV-713-A, 2010 WL 1062610, at *3 (N.D. Tex. Mar. 22, 2010) (alterations in original) (citing various cases).

The petition appears to be primarily comprised of lengthy recitations to program statements and memorandum issued by the Bureau of Prisons that pertain to the Second Chance Act, and broad allegations that the Bureau of Prisons generally does not properly implement the Second Chance Act.  Absent from the petition, however, are any facts to show how, or if, such violations have affected petitioner, nor does petitioner even allege the Bureau of Prisons has failed or refused to evaluate her for placement in a residential reentry center, or that she received an assessment with which she is dissatisfied.

Additionally, petitioner alleges that the Bureau of Prisons has violated her Eighth and Fourteenth Amendment rights.  Again, however, no facts are alleged in the petition that show any violation of petitioner's constitutional rights or that would otherwise support this conclusory assertion.

III.

Order

Therefore,

The court ORDERS that the writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner, Olga Chapa Falcon, be, and is hereby, denied.

SIGNED February 23, 2014.

JOHN McBRYDE
United States District Judge

7